**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KENNETH MARTIN GARDNER,<br><br>*Plaintiff*,<br><br>v.<br><br>LEZA CHRYSSOVERGIS; and<br>RICHARD E. JAMES<br><br>*Defendants*. | Case No. 25-4098-AJP-RES |

**MEMORANDUM AND ORDER**

Plaintiff Kenneth Gardner, proceeding pro se, brings suit against Defendants Leza Chryssovergis, the Mayor of Wakefield, and Richard James, the City Attorney, in their individual capacities. He asserts a claim for retaliation in violation of the First Amendment and a claim for deprivation of liberty interests under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. In addition, he alleges a violation of the Americans with Disabilities Act and related state-law claims for tortious interference, defamation, and intentional infliction of emotional distress. Before the Court is Defendants' Motion to Dismiss. (Doc. 25). For the reasons stated below, the Court denies Defendants' Motion to Dismiss.

## Factual and Procedural Background[1]

Plaintiff alleges that he has lived or owned property in Wakefield, Kansas, since 2018 and that he operates a guest-house business and rental properties in the city. On June 17, 2024, Plaintiff sent an email, that included a "cease and desist demand," to the City telling them they could not discuss a demolition of his property with his tenants. Plaintiff alleges that the email referenced prior text messages that included the word "sex." According to Plaintiff, Defendant James later asserted that the city clerk felt sexually harassed by that language.

A property manager visited Plaintiff's home on an official showing appointment, observed a newspaper clipping of the city superintendent, and reported seeing the clipping either directly to Mayor Chryssovergis, or to a friend who then told Chryssovergis. The city superintendent is the husband of the city clerk whom Plaintiff directed the sexual remarks towards in the prior email. After hearing about the newspaper clipping, Mayor Chryssovergis reported to the Clay County Sheriff her concern that Plaintiff might become violent toward city staff. The sheriff informed Chryssovergis that no crime had been committed. Plaintiff allegedly did not learn of Chryssovergis's call to the sheriff until a later date. Plaintiff was banned from City Hall prior to the call with the sheriff and without prior notice.

In May of 2025, Plaintiff alleges that he heard from someone that city employees stated that they had "nothing but trouble" with Plaintiff. During 2025,

---

[1] The facts in this section are taken from Plaintiff's Amended Complaint unless otherwise cited.

Plaintiff observed neighbors photographing or monitoring his guests at his rental property, which he alleges was encouraged by Defendants' statements and attitude towards Plaintiff. He alleges that he has experienced significant fear, emotional distress, and ongoing anxiety because of Defendants' conduct.

Plaintiff previously filed a lawsuit in the District Court of Clay County, Kansas against the City of Wakefield, Case No. 25-CV-32,[2] arguing that the ban from City Hall violated the First and Fourteenth Amendments along with sections of the Kansas Bill of Rights. On August 28, 2025, the state court granted summary judgment in favor of the City of Wakefield. (Doc. 25-4).[3] The state court also specifically held that the limited ban on Plaintiff's access to City Hall was reasonable and viewpoint neutral within the confines of a nonpublic forum. *Id.*

On October 6, 2025, Plaintiff filed this lawsuit. On December 9, 2025, Plaintiff filed an Amended Complaint, asserting the following seven claims: First Amendment retaliation in violation of § 1983; a stigma-plus violation of the Due Process Clause of the Fourteenth Amendment; tortious interference with business expectancy; intentional infliction of emotional distress; defamation; a violation of Title II of the Americans with Disabilities Act; and punitive damages. Plaintiff seeks $3,000,000 in compensatory and punitive damages from Defendants. On December 18, 2025, Defendants filed a Motion to Dismiss pursuant to Federal Rule

[2] Plaintiff alleges that he learned about Mayor Chryssovergis's call to the sheriff during the course of that lawsuit.

[3] The Court takes judicial notice of the summary judgment order. The Court can take judicial notice of all materials in the state court's record on a motion to dismiss. *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

12(b)(6) for failure to state a claim, filing a frivolous lawsuit, and pursuant to the doctrine of qualified immunity.[4] Plaintiff recently filed a motion entitled "Plaintiff's Request for Status of Pending Motion." (Doc. 32).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must determine whether a complaint contains sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations

[4] This case was reassigned to the undersigned in July 2026.

with, out supporting factual averments are insufficient to state a claim on which U.S. relief can be based." *Id.* (citations omitted).

## III. Analysis

Defendants move for dismissal on several grounds including that Plaintiff's claims are barred by res judicata, Defendants are immune from suit on the basis of qualified immunity, and Plaintiff filed a frivolous action. The Court will address each in turn.

### A. Plaintiff's claims are not subject to res judicata.

Defendants argue that Plaintiff's claims should be dismissed on the basis of res judicata. A federal court is required to give the same preclusive effect to state-court judgments that the judgment would be given in the courts of that particular state. *Cosgrove v. Kan. Dept. of Soc. and Rehab. Serv.*, 744 F. Supp.2d 1178, 1184 (D. Kan. Sept. 29, 2010) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) and *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 682 (10th Cir. 1991)). Under Kansas law, the four elements of res judicata are "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. and Rehab. Serv.*, 274 Kan. 396, 49 P.3d 1274, 1285 (2002). Generally, res judicata does not apply when a party is sued in two different capacities. *Cosgrove*, 744 F. Supp.2d at 1185.

While an official capacity suit against these two Defendants would be a suit against the City of Wakefield, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), Plaintiff's suit here is against Defendants in their individual capacity. In

*Cosgrove*, the District of Kansas noted that Kansas had not addressed whether the parties were the same, for the purposes of res judicata, in a suit where the parties were sued in in different capacities.[5] *Cosgrove*, 744 F.Supp.2d at 1185. However, it assumed that "the Kansas Supreme Court may apply the rule of differing capacities." *Id*. The court went on to find that the plaintiff's suit against four government employees, sued in their individual capacity, was not barred by res judicata because the previous suit was against the defendants in their official capacity. *Id*.

In this case, there is an issue with element two. Plaintiff has filed suit against the Mayor of Wakefield (Chryssovergis) and the City Attorney of Wakefield (James) in their individual capacities. In Plaintiff's previous state law case, he filed suit against the City of Wakefield. Thus, Plaintiff has filed suit against these individuals in a different capacity. Based on the reasoning of *Cosgrove*, res judicata would not be applicable. Therefore, Defendants do not meet the second element of the res judicata test, and thus dismissal on this basis is denied.

**B. Defendants fail to sufficiently assert qualified immunity.**

Defendants also contend that they are entitled to qualified immunity. Qualified immunity has two prongs to consider: "whether the facts suffice to show a

---

[5] Prior to *Cosgrove*, the Supreme Court of Kansas stated that, "[w]hen a person files suit in a representative capacity, the doctrine of res judicata does not prevent them from bringing suit in their individual capacity at a later date." *Betz v. Farm Bureau Mut. Ins. Agency of Kansas, Inc.*, 269 Kan. 554, 8 P.3d 756, 759 (2000) (citing favorably Restatement (Second) of Judgments § 36 (1982) (a party in an action in one capacity is not bound by or entitled to the benefits or rules of res judicata in a subsequent action in which he appears in another capacity)).

legal violation, and whether that law was clearly established at the time of the alleged violation." *Clerkley v. Holcomb* 121 F.4th 1359, 1363 (10th Cir. 2024) (internal quotation marks and citation omitted). "District courts may grant a motion to dismiss based on qualified immunity, but '[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion ... subjects the defendant to a more challenging standard of review than would apply on summary judgment.'" *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)). The Court is to analyze "the defendant's conduct as alleged in the complaint." *Thomas v. Kaven* 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). On a motion to dismiss, Defendants must supply a substantive argument for the application of qualified immunity to each of Plaintiff's claims for each Defendant. *Spiehs v. Larsen* 728 F. Supp. 3d 1190, 1215 (D. Kan. 2024). Furthermore, when qualified immunity is asserted on a motion to dismiss, the argument must be developed by the proponent and not conclusory or inherently factual. *See A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575–76 (10th Cir. 2021) (declining to review the merits of defendant's qualified immunity defense on appeal when the district court found that the defendants were not entitled to qualified immunity because defendant's one-sentence argument was "woefully underdeveloped").

Here, Defendants attempt to raise qualified immunity but fail to engage in any substantive argument. Instead, Defendants' argument contains mostly general legal arguments and platitudes. *See Tillmon v. Douglas Cnty.*, 817 F. App'x 586,

589–90 (10th Cir. 2020) (declining to reach qualified immunity when defendants' "argument consisted of a single paragraph briefly discussing the law of qualified immunity"). Indeed, Defendants' argument is conclusory and underdeveloped. At most, Defendants briefly argue that they did not violate Plaintiff's constitutional rights, with little further analysis. Therefore, Defendants fail to properly assert a qualified immunity defense, and the Court cannot grant Defendants' motion on this basis.

**C. Defendants fail to establish Plaintiff's claims are frivolous.**

A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams* 490 U.S. 319, 325 (1989). Defendants argue that the case is demonstratively frivolous. Yet, Defendants fail to argue why each claim contained within the Amended Complaint lacks a sufficient factual basis, let alone that each claim is frivolous. The Court recognizes that Plaintiff's factual allegations are sparse and disjointed. Defendants, however, must address the factual allegations as related to the claims set forth in the Amended Complaint, and Defendants fail to do so in their Motion to Dismiss. Instead, Defendants make generalized and broad arguments.[6] "The court is not to make arguments on behalf of a party." *Carpenter v. Fairlane Contractors LLC*, No. 26-2200-JWB, 2026 WL 2119267, at *3 (D. Kan. July 23, 2026). Therefore, it is Defendants' responsibility to provide the Court with sufficient reasons and argument to support dismissal of this action. *See White v. Werholtz*, No CIV.A..07-3182-CM, 2009 WL 1342158, at *2 (D. Kan. May 4, 2009)

[6] The Court also notes that Defendants often assert factual contentions.

("Defendants bear the burden of showing that plaintiff is not entitled to proceed with his case or individual claims. The court will not make their specific arguments for them or supply the analytical connections that defendants failed to make."). As noted above, the Court is required to construe Plaintiff's pro se Complaint broadly. Thus, Defendants' motion to dismiss on this basis is denied.[7]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 32) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2026.

s/ Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE

[7] Defendants assert in their Reply that Plaintiff's response is riddled with inappropriate citations and contend that Rule 11 sanctions are warranted. The Court declines to sanction Plaintiff at this point but issues an additional warning that parties, including unrepresented parties, are responsible for ensuring that their court filings comply with Rule 11(b). Specifically, Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Failure to comply with this rule may result in sanctions against the offending party. When using artificial intelligence (AI) to aid in the drafting of filings, parties should take extra care to ensure citations are accurate as AI is known to cite cases improperly or hallucinate cases altogether. *See* D. Kan. Standing Order 26-01 (noting that if the Court has reason to believe that a litigant has not reviewed and verified the accuracy of content in any court filing, the court may impose a range of sanctions).